**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
UE GROUP, LLC,                      :
                                    :
            Plaintiff,              :   Civil Action No. 09-6088 (JAP)
      v.                            :
                                    :   **OPINION**
J & B HOLDING CO., et al.,          :
                                    :
            Defendants.             :
_____ :
                                    :
J & B HOLDING CO., et al.           :
                                    :
            Plaintiff,              :
      v.                            :
                                    :
UE GROUP, LLC;                      :
SCHULTZ ORGANIZATION, LLC,          :
                                    :
            Defendants.             :
_____ :

PISANO, District Judge:

      Presently before the Court is Defendant J & B Holding Co.'s ("J & B") motion to remand the above entitled action to the Superior Court of New Jersey, Chancery Division, Ocean County, pursuant to 28 U.S.C. § 1447. Plaintiff UE Group, LLC ("UE") opposes J & B's motion. For the reasons that follow, the Court finds that Schultz Organization, LLC ("Schultz") was fraudulently joined as a party so that diversity remains intact and, therefore, J & B's motion to remand is denied and Schultz is dismissed as a party to the matter.

I. Background

On December 1, 2009, UE filed a complaint in this Court against J & B seeking specific performance of a real estate contract (the "Real Estate Contract") in which UE was the buyer and J & B was the seller, as well as damages related to J & B's alleged breach of the Real Estate Contract. (UE Compl.). Jurisdiction was proper under 28 U.S.C. § 1332 because the parties were diverse and the amount-in-controversy requirement was satisfied. (UE Compl.). On March 19, 2010, J & B filed a verified complaint in the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. OCN-C-54-10, against UE and Schultz seeking, *inter alia*, a declaratory judgment that would allow J & B to sell the real property that is the subject of the Real Estate Contract to third parties with clear title. (J & B State Ct. Compl.). UE removed to this Court, explaining that Schultz, whose presence in the case defeated diversity, was fraudulently joined so that jurisdiction remained proper under 28 U.S.C. § 1332. (Notice of Removal). This Court consolidated the removed action, Civil Action No. 10-1595, with the present action, Civil Action No. 09-6088, finding that the cases present substantially identical issues of law and fact. (Order, Apr. 6, 2010). On April 29, 2010, J & B filed the instant motion to remand this matter to state court under the theory that Schultz remained a party, thus affecting the Court's jurisdiction. (Mot. to Remand).

II. Discussion

UE contends that this Court has original jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 (diversity of citizenship). (Notice of Removal). An action is removable only if it could have originally been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The party seeking removal must establish that jurisdiction exists. *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009). Original jurisdiction exists where "the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The parties agree that the amount in controversy exceeds $75,000; the issue in this matter is whether the parties satisfy diversity. "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

In the original action brought by UE, the plaintiff, UE, was a New York limited liability company and the defendants, J & B and the estate of John DeFillipis, were citizens of New Jersey, thus satisfying complete diversity.[1] In the state court action brought by J & B, there was not complete diversity because Schultz, a New Jersey company, was named a defendant in addition to UE. (J & B State Ct. Compl.). That action was removed and consolidated.

While Schultz's presence would typically defeat diversity such that the case should be remanded to state court, UE argues that Schultz was fraudulently joined. (Notice of Removal ¶6; UE Br. 5-15). "[J]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

Whether J & B has a reasonable basis in fact or colorable ground supporting its claim against Schultz requires a cursory review of the facts. In mid-2007, UE entered into the Real Estate Contract with J & B to purchase real property located in New Jersey. (UE Compl. ¶5). In

---

[1] UE also filed their complaint against several fictitious defendants who UE "is informed and believes and thereon alleges" are "legally responsible in some manner for the occurrences alleged . . . and for plaintiff's damages." (Compl. ¶4). Because UE instituted the action in federal court based on diversity jurisdiction, the Court assumes that the citizenship of those potential defendants would not defeat diversity.

connection with the sale of the property, J & B entered into a commission agreement (the "Commission Agreement") with Schultz, a licensed New Jersey real estate broker. (UE Br., Ex. 7). The Commission Agreement provided that a commission of $45,000 was "earned and due and payable" to Schultz upon the closing of title. (UE Br., Ex. 7). Because of a dispute between the UE and J & B, title has not been closed. In addition to the Real Estate Contract and the Commission Agreement, there is a question of whether an agreement implied by law exists between UE and Schultz (the "Implied Contract"). The New Jersey Supreme Court has established:

> [W]hen a prospective buyer solicits a broker to find or to show him property which he might be interested in buying, and the broker finds property satisfactory to him which the owner agrees to sell at the price offered, and the buyer knows the broker will earn commission for the sale from the owner, the law will imply a promise on the part of the buyer to complete the transaction with the owner. If he fails or refuses to do so without valid reason, and thus prevents the broker from earning the commission from the owner, he becomes liable to the broker for breach of the implied promise. The damages chargeable to him will be measured by the amount of commission the broker would have earned from the owner.

*Ellsworth Dobbs, Inc. v. Johnson*, 236 A.2d 843, 859 (N.J. 1967). Therefore, the consolidated actions before this Court revolve around three agreements: the Real Estate Contract between UE and J & B, the Commission Agreement between J & B and Schultz, and the potential Implied Contract between UE and Schultz.

One claim that J & B purports to maintain against Schultz is its request for a declaratory judgment that UE be responsible for the broker's commission owed to Schultz under the theory of implied contract supported by *Ellsworth*. (J & B State Ct. Compl. 16). Under the New Jersey Declaratory Judgments Act, courts "have power to declare rights, status and other legal relations." N.J. Stat. Ann. § 2A:16-52 (2000).[2] Nevertheless, "the threshold findings of both

---

[2] Because J & B brought its action against Schultz in New Jersey Superior Court, we look to state law to ascertain whether there is colorable ground to support its claims. *See Boyer v. Snap-*

justiciability and standing . . . form the basis for relief under the Declaratory Judgment Act." *In re Ass'n of Trial Lawyers of Am.*, 549 A.2d 446, 448 (N.J. Super. Ct. App. Div. 1988) (citing *N.J. Home Builders Ass'n v. Div. on Civil Rights*, 195 A.2d 318, 322 (N.J. Super. Ct. Ch. Div. 1963). To maintain a declaratory judgment claim, a plaintiff must have an interest at the matter at hand. *Id.* (citing *Bergen Cnty v. Port of N.Y. Auth., et al.*, 160 A.2d 811, 813 (N.J. 1960)). "A litigant may not ordinarily claim standing to assert the rights of a third party;" third-party standing is appropriate, however, "if the litigant can show sufficient personal stake and adverseness so that the court is not asked to render an advisory opinion." *In re Estate F.W.*, 942 A.2d 48, 54 (N.J. Super. Ct. App. Div. 2008) (quoting *Jersey Shore Med. Ctr. V. Estate of Baum*, 417 A.2d 1003, 1006 (N.J. 1980)).

J & B's claim that UE be responsible for the broker's commission owed to Schultz is defective under New Jersey law because J & B has no standing to request such a declaration. J & B has no interest in any potential dispute between UE and Schultz. J & B suffers no injury if UE fails to pay a commission to Schultz. The right to any commission paid by UE , moreover, is Schultz's right to assert. There are no obstacles pleaded that prevent Schultz from pursuing a claim against UE. Schultz has not pursued such a claim; therefore there is no controversy regarding any Implied Contract and any opinion issued by this Court regarding the Implied Contract between UE and Schultz would only be advisory.

J & B also demands a declaration of the respective rights and obligations of the parties. (J & B State Ct. Compl. 15). Such a demand necessarily includes determining whether J & B owes a commission to Schultz under the Commission Agreement. New Jersey law dictates that "the courts should not 'decide or declare the rights or status of parties upon a state of facts which

---

*on Tools Corp.*, 913 F.2d 108, 111-12 (3d Cir. 1990) (explaining that fraudulent joinder may be found where the action against the individual defendants is defective as a matter of state law).

is future, contingent and uncertain.'" *Trial Lawyers*, 549 A.2d at 448 (quoting *Tanner v. Boynton Lumber Co.*, 129 A. 617 (N.J. Ch. 1925)). In New Jersey, "there is a two-part test to determine ripeness of the controversy: (1) the fitness of issues for judicial review and (2) the hardship to the parties if judicial review is withheld at this time." *K. Hovnanian Cos. of N. Cent. Jersey, Inc. v. N.J. Dep't of Envtl. Prot.*, 876 A.2d 847, 853 (N.J. Super. Ct. App. Div. 2005). "In determining whether an issue is fit for judicial review, we consider whether review would require additional factual development." *Id.*

      J & B's claim demanding a declaration of the respective rights and obligations of J & B and Schultz under their Commission Agreement is defective under New Jersey law because it is not yet ripe. J & B's payment of the commission is contingent upon closing of title, which has not yet occurred. Schultz has instituted no proceedings against J & B to recover. Closing of title may occur as a result of UE's claims seeking specific performance of the Real Estate Contract; judicial review of any potential claims between J & B and Schultz depends, therefore, on additional factual development. Furthermore, withholding judicial review at this time creates no hardship for the parties: J & B still do owes no commission until closing and Schultz retains its ability to file suit under the Commission Agreement for any breach by J & B.

      Because J & B's claims against Schultz are not ripe, there is no colorable ground supporting them and Schultz's joinder was "fraudulent." *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111-12 (3d Cir. 1990) (explaining that fraudulent joinder may be found where the action against the individual defendants is defective as a matter of state law). Accordingly, the Court disregards its citizenship and maintains jurisdiction over this case. Furthermore, because J & B's claims against Schultz are defective, these claims are dismissed and Schultz is dismissed as a party.

III.	Conclusion

For the reasons above, Defendant J & B Holding Co.'s motion to remand is denied, without costs or sanctions.  Defendant J & B Holding Co.'s claims against Plaintiff Schultz Organization, LLC are dismissed.  Plaintiff Schultz Organization, LLC is dismissed as a party. An appropriate Order accompanies this opinion.


/s/ JOEL A. PISANO
United States District Judge

Dated: October 1, 2010